UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN ARMBRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO HUMANE SOCIETY,<br><br>　　　　　　　　　　Defendant. | Case No.: 22-CV-623 JLS (JLB)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF Nos. 1, 2) |

　　　　Presently before the Court are Plaintiff Sean Armbrust's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 2). Having carefully considered Plaintiff's Complaint, his IFP Motion, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for the reasons that follow.

### *IN FORMA PAUPERIS* MOTION

　　　　All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

/ / /

/ / /

$402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Plaintiff's affidavit shows that he has no income or present employer. *See* IFP Mot. at 1–2. Plaintiff reportedly owns no assets or cash, *see id.* at 2–3, and is responsible for the care of his ten-year-old son, *see id.* at 3. Plaintiff's monthly expenses are approximately $110.00, including $10.00 for laundry and dry-cleaning and $100.00 for transportation. *See id.* at 4–5. Plaintiff does not anticipate any major changes to his monthly income, expenses, assets, or liabilities in the coming year, although he is looking for work. *Id.* at 5.

The Court concludes that Plaintiff adequately has demonstrated that paying the $402 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

**I.   Standard of Review**

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the

scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted).  Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action" (emphasis added).  As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted).

Courts have a duty to construe a *pro se* litigant's pleadings liberally.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II.   Plaintiff's Allegations

Plaintiff was the owner of "[American Kennel Club] & [United Kennel Club] Dogs & other Animals" purchased "from Dog Breeders & other Pet Store" that "[we]re [his] family." Compl. at 4.  Plaintiff alleges that on December 5, 2021, Defendant San Diego Humane Society ("SDHS") took possession of his animals for emergency boarding when Plaintiff was arrested.  *Id.*  When Plaintiff was released on December 14, 2021, he contacted SDHS and "was told to come pick-up [his] animals." *Id.*  However, "upon arrival," he "was given a seizure of property notice." *Id.*  It appears Plaintiff has lodged complaints with the District Attorney of the County of San Diego against both SDHS and the El Cajon Police Department premised on the incident.  *See* ECF No. 1-2 at 1–2.

On May 3, 2022, Plaintiff filed his Complaint using a form "Complaint for the Conversion of Property (28 U.S.C. § 1332; Diversity of Citizenship).  *See generally* Compl.  Plaintiff, a citizen of the State of California, *see id.* at 3, states his sole claim for conversion

against SDHS, which he alleges is incorporated under the laws of the State of California with its principal place of business in California, *see id.*  Plaintiff seeks damages in the amount of $6,000,000.00, given that SDHS "infringed unjustly on [his] Dog Breeding Program & cut[ his] future income stream." *Id.* at 4.  He also seeks the return of his animals and compensation for his emotional distress.  *Id.* at 5.

### III.  Analysis

Based on the facts alleged, the Court is not satisfied that it has subject-matter jurisdiction over Plaintiff's claim.  "Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'"  *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)).

Plaintiff alleges diversity jurisdiction, *see* Compl. at 1; *see also* ECF No. 1-1 at VI, pursuant to which courts have jurisdiction when the "matter in controversy exceeds . . . $75,000 . . . and is between . . . [¶] citizens of different States," 28 U.S.C. § 1332(a)(1).  However, Plaintiff alleges that both he and SDHS are citizens of the State of California.  *See* Compl. at 3.  Accordingly, Plaintiff fails to adequately allege complete diversity of citizenship.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that 28 U.S.C. § 1332(a) requires "complete diversity," and "thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").[2]

In light of the foregoing, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's Complaint.  Thus, dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2).

/ / /

/ / /

/ / /

---

[2] The Court notes that, in his Civil Cover Sheet, Plaintiff also indicates that his suit is against a United States government defendant.  *See* ECF No. 1-1.  However, Plaintiff's Complaint contains no allegations that SDHS is a U.S. government entity such that jurisdiction might be appropriate under 28 U.S.C. § 1346.

# CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of federal subject-matter jurisdiction.

Plaintiff **MAY FILE** an amended complaint curing the jurisdictional deficiency noted above <u>on or before July 1, 2022</u>. Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint. Any claim not re-alleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").

***Should Plaintiff fail to file an amended complaint <u>on or before July 1, 2022</u>, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and his failure to prosecute in compliance with a court order requiring amendment.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). Such dismissal would be without prejudice to Plaintiff refiling his claim in state court.

**IT IS SO ORDERED.**

Dated: May 16, 2022

Hon. Janis L. Sammartino
United States District Judge